IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br>James Alford Osborn, III,<br>          Debtor. | Chapter 13<br>Case No. 25-11227-BLS<br><br>Re: Docket Item No. 54 |

### ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

AND NOW, TO WIT, this 15th day of December, 2025, upon consideration of the Motion of U.S. Bank Trust National Association not in its individual capacity but solely as Owner Trustee for RCF 2 Acquisition Trust for Relief from the Automatic Stay Under 11 U.S.C. § 362(d)(1) (the "Motion") and due and sufficient notice of the Motion and hearing thereon having been given to James Alford Osborn, III (the "Debtor"), the Chapter 13 Trustee, and parties in interest entitled to such notice; and upon consideration of the Motion, and any timely response in opposition thereto; and after notice and an opportunity for a hearing pursuant to 11 U.S.C. § 102(1), for the reasons set forth in the Motion, it is hereby ORDERED that:

1. The Motion is granted;

2. The stay afforded by 11 U.S.C. § 362 is hereby terminated for cause so as to permit the Movant and/or any subsequent holder of the Note and assignee of the Mortgage (the "Secured Creditor") to take all actions necessary to enforce its security interest in the aforesaid real property known as 6026 Webster Street, Philadelphia, PA 19143-2316 (the "Property"), including, without limitation, through foreclosure proceedings, Sheriff's sale of the Property, possession and any other rights and remedies as a secured creditor available to Secured Creditor under applicable law;

3. Bankruptcy Rule 4001(a)(4) is deemed not applicable and Secured Creditor may

Case No. 25-11227
File No. 24-213944

immediately enforce and implement this Order granting relief from the automatic stay;

  4. Within thirty (30) days of the entry of this Order, the Debtor shall pay $699.00 to Movant for reasonable attorneys' fees and costs;

  5. Movant may offer and provide Debtor with information regarding a potential forbearance agreement, loan modification, refinance agreement, or other loan workout/loss mitigation agreement, and may enter into such agreement with Debtor; however, Secured Creditor may not enforce, or threaten to enforce, any personal liability against Debtor if Debtor's personal liability is discharged in this bankruptcy case.

Dated: December 15, 2025

              Brendan Linehan Shannon
              United States Bankruptcy Judge

Case No. 25-11227
File No. 24-213944